FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN JOSE CAMPOS,<br><br>    Petitioner,<br><br>    v.<br><br>MONTGOMERY, Warden,<br><br>    Respondent. | Case No. CV 13-09012 DSF (AN)<br><br>MEMORANDUM AND ORDER DISMISSING HABEAS PETITION |

## I. INTRODUCTION

On December 6, 2013, Juan Jose Campos ("Petitioner"), a state prisoner proceeding *pro se,* filed his pending petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, this action is dismissed without prejudice because the sole claim in the Petition is unexhausted.

## II. DISCUSSION

**A.    Habeas Rule 4**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." *See* Rules Governing Section 2254 Cases in the United States District Courts, 28 foll. U.S.C. § 2254 ("Habeas Rules"); *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2566 (2005). Rule 4 of the Habeas Rules requires a district court to dismiss a petition

without ordering a responsive pleading where the face of the petition shows the petitioner is not entitled to relief in district court. *Felix*, 545 U.S. at 656. Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare a proposed order for summary dismissal and a proposed judgment for the district judge's consideration where, as here, it plainly appears from the face of the petition that petitioner is not entitled to relief.

**B.    The Federal Exhaustion Doctrine**

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). The purpose of AEDPA's exhaustion requirement is to give the state the opportunity to pass upon and correct alleged violations of its own prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347 (2004). To provide that opportunity, a prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.*

Here, the pending Petition raises a single claim of ineffective assistance of counsel ("IAC"). (Pet. at 5; attached pages at 7-12.) Petitioner concedes he did not appeal his judgment of conviction, and there is no record of any state habeas petitions having been filed challenging his conviction. (Pet. at 2-3; state court records.[1/]) Consequently, the Court finds Petitioner's pending IAC claim is unexhausted because the state courts, and most importantly the California Supreme Court, have not had the opportunity to pass upon it. § 2254(b)(1)(A); *Baldwin*, 541 U.S. at 29.

---

[1/] The Court takes judicial notice of Internet records relating to this action in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

Moreover, Petitioner's unsupported assertion that he is "currently exhausting" his IAC claim in a newly-filed habeas petition in the California Supreme Court (Pet. at 5, 8) still renders his Petition unexhausted. Because state courts "should have the first opportunity to examine the lawfulness of a state prisoner's confinement," *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), the exhaustion doctrine also extends to situations where the prisoner has a post-conviction challenge to his conviction still pending in the state courts. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see also Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964). This is because "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood*, 716 F.2d at 633 (internal quotation marks and citation omitted). Thus, to the extent Petitioner is correct that he has a habeas petition raising his IAC claim pending before the California Supreme Court, his Petition before this Court is an unexhausted petition. *Id.* at 633-34; *Schnepp*, 333 F.2d at 288.

Finally, Petitioner's accompanying motion for a stay [2] is denied. While district courts have the discretion in limited circumstances to hold a mixed or fully exhausted petition in abeyance pending the exhaustion of unexhausted claims, *Rhines v. Weber*, 544 U.S. 269, 273-79, 125 S. Ct. 1528 (2005), *Kelly v. Small*, 315 F.3d 1063, 1066-71 (9th Cir. 2003), *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009), a district court is "obliged to dismiss immediately" when the petition contains no exhausted claims. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (citation omitted); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust."). Petitioner, having presented a fully unexhausted Petition, is not entitled to a stay of this action because it must be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies . . . .")

## III. CONCLUSION

For the reasons discussed above, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice.

DATED: December 20, 2013

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge